UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>  Judgment Creditor, <br><br> v. <br><br> SCOTT BURKO, <br><br>  Judgment Debtor, <br><br> and <br><br> FIDELITY WORKPLACE SERVICES, LLC, and AHOLD USA 401(K) SAVINGS PLAN FOR UNION ASSOCIATES, <br><br>  Third-Party Respondents. | No. 10-CR-291 (KMK) <br><br> OPINION & ORDER |

Appearances:

Melissa A. Childs, Esq.
United States Attorney's Office, S.D.N.Y.
New York, NY
*Counsel for the Judgment Creditor*

Edward Paltzik, Esq.
Joshpe Mooney Paltzik LLP
New York, NY
*Counsel for the Judgment Debtor*

KENNETH M. KARAS, United States District Judge:

The United States (the "Government") brings this Motion for entry of a Turnover Order pursuant to 18 U.S.C. § 3613, Federal Rule of Civil Procedure 69(a)(1), and N.Y. C.P.L.R. § 5225(b), directing third-party respondents, Fidelity Workplace Services, LLC and Ahold USA 401(k) Savings Plan for Union Associates, to liquidate securities in Judgment Debtor Scott Burko's ("Burko") account and pay those funds to the Clerk of Court toward the criminal

restitution owed to the victim of his crime.  (*See generally* Gov't's Mot. for Turnover Order (Dkt. No. 26); Gov't's Mem. of Law in Supp. of Mot. for Turnover Order ("Gov't's Mem") (Dkt. No. 28).)  Burko has objected, arguing that the Government is precluded from garnishing his accounts for a lump sum dispersal because the Restitution Order the Court entered pursuant to 18 U.S.C. § 3672 provided that he must repay his restitution on an installment schedule, which by its terms limits the Government's ability to seek a lump sum disbursement.  (*See* Mem. of Law in Opp'n to Mot. for Turnover Order ("Def's Opp'n") 8–15 (Dkt. No. 36).)  In the alternative, Burko argues that the Court should act within the discretion provided by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3013, to deny the Order because requiring him to submit to garnishment would result in undue hardship.  (*Id.* at 15–17.)  For the reasons stated below, the Court denies the Government's Motion.

## I.  Discussion

### A.  Factual Background

In 2011, Burko pled guilty to a count of conspiracy to dispense prescription drugs without a valid prescription and two counts of dispensing prescription drugs without a valid prescription.  (*See* Judg. 1 (Dkt. No. 17).)  On June 13, 2011, the Court sentenced Burko to twenty-four months of incarceration and three years of supervised release.  (*Id.* at 2–3.)  The Court also ordered him to pay $400,000 in restitution.  (*Id.* at 5.)  Payment of the "financial penalties" was to begin while Burko was in prison if he was employed in a BOP work program.  (*Id.* at 6.)  The Court ordered that "[t]he restitution shall be paid in monthly installments of 10% of gross monthly income over a period of supervision to commence 30 days after . . . the release from custody . . ."  (*Id.*)

Burko served his sentence and began paying restitution upon his release on June 7, 2013 and paid regularly through the expiration of his supervised release in 2016.  (*See* Decl. of

Melissa A. Childs ("Childs Decl.") 5 (Dkt. No. 27).) Burko stopped making regular restitution payments during 2018, and has paid only sporadically since. (*Id.*)

The Government filed the instant Motion on March 4, 2022. (*See* Gov't's Mem.) Burko filed his Opposition on March 31, 2022. (*See* Def's Opp'n.) The Government submitted its reply on April 8, 2022. (*See* Gov't's Reply Mem. ("Gov't's Reply") (Dkt. No. 38).)

## II. Discussion

### A. Statutory Background

The Mandatory Victims Restitution Act ("MVRA") makes restitution mandatory for certain crimes, including Title 18 offenses against property and any offense committed by fraud or deceit. *See* 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii). The MVRA requires the Court to order the full amount of restitution to victims of a crime regardless of the defendant's economic circumstances. *See* 18 U.S.C. §§ 3663A, 3664(f). Although the restitution order is mandatory, the MVRA grants the court discretion to determine how and when restitution should be collected. *See* 18 U.S.C. § 3664(f)(2) ("[T]he court shall. . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid . . .")

The MVRA also makes "an order of restitution . . . a lien in favor of the [Government] on all property and rights to property of the person [subject to the order]," *id.* at 3613(c), and provides that "[n]otwithstanding any other Federal law. . . , a judgment imposing a fine may be enforced against all property or rights to property of the person fined. . ." *id.* at 3613(a) (emphasis added). *See also* 18 U.S.C. § 3664(m)(1)(A)(i) ("An order of restitution may be enforced by the [Government] in the [same] manner [as a fine]. . .").

The Second Circuit has not spoken directly to the question of whether the Government can enforce its lien against a defendant's assets where the restitution order does not make the entire amount of restitution due immediately. However, almost all other Circuits to address the

3

issue have held that the Government cannot enforce a lien where the restitution order does not make the entire amount of restitution due immediately upon sentencing. *See United States v. Holden*, 908 F.3d 395, 403–04 (9th Cir. 2018) (striking immediate payment provision and finding court had imposed a "schedule of small payments that [d]efendant must make during his period of incarceration"); *United States v. Hughes*, 813 F.3d 1007, 1009 (D.C. Cir. 2016) (noting defendant required to pay "at a rate of not less than $50 each month"); *United States v. Martinez*, 812 F.3d 1200, 1203 (10th Cir. 2015) (noting defendant required to pay "no less than 25% of the net disposable income") (emphasis omitted); *United States v. Grant*, 715 F.3d 552, 555 (4th Cir. 2013) (noting defendant required to make restitution payments "in $250 monthly installments").

In a triptych of cases, the Fifth Circuit has reached contradictory conclusions, finding in one case that the payment schedule in the judgment controlled and denying the Government's motion, *see United States v. Hughes*, 914 F.3d 947, 948 (5th Cir. 2019) (defendant ordered to pay $100 immediately but balance of restitution "due in payments of the greater of $25 per quarter [while in prison] . . . [and] [a]ny balance remaining after release . . . paid in equal monthly installments of $500"), while holding in two others that the Government could recover on its lien even though the judgment did not require immediate payment, *see United States v. Rand*, 924 F.3d 140, 142 (5th Cir. 2021) (per curiam) (holding that the Government could independently enforce restitution obligation absent prohibition in restitution order even where defendant had been directed to pay in installments); *United States v. Ekong*, 518 F.3d 285, 286 (5th Cir. 2007) (per curiam) (defendant required to pay restitution in installments but Government could enforce lien because MVRA allowed for independent enforcement and restitution order did not prohibit such independent enforcement of restitution obligation).

4

Several Circuits have also found that the Government can enforce its lien where the restitution order stated that a defendant's restitution obligation was "due immediately." *See United States v. Williams*, 898 F.3d 1052, 1055 (10th Cir. 2018) (noting defendant required to make a "lump-sum payment . . . due immediately") (quotation marks and citations omitted); *United States v. Baxter*, 694 F. App'x 762, 763 (11th Cir. 2017) (holding oral sentence controlled that provided fine was "payable immediately"); *United States v. Behrens*, 656 F. App'x 789, 790 (8th Cir. 2016) (holding defendant was required to pay "amount . . . in full on date of judgment"); *United States v. Schwartz*, 503 F. App'x 443, 446 (6th Cir. 2012) (noting judgment provided that restitution obligation was "due immediately"); *United States v. Lemberger*, 673 F. App'x 579, 580 (7th Cir. 2017) (holding payment was due immediately where defendant's payments were "to begin immediately" and no payment schedule was set); *United States v. Shusterman*, 331 F. App'x. 994, 996–97 (3rd Cir. 2009) (noting judgment stated that "restitution [was] due immediately"). Similarly, in a recent non-precedential opinion, the Second Circuit held that the Government could enforce its lien where the judgment required that a defendant pay "at least $500 per month" on the grounds that the "payment plan . . . [did not] limit[] the [G]overnment's collection efforts on this substantial restitution order of over $2.8 million." *United States v. O'Brien*, 851 F. App'x 236, 240 (2d Cir. 2021).

B.  Analysis

The Government argues that the Court should grant its Motion to enforce its statutory lien, despite the fact the Court did not make Burko's restitution obligation due immediately, because 18 U.S.C. 3613(a) authorizes enforcement of the lien "[n]otwithstanding any other Federal law," which the Government contends by its plain language includes the Court's judgment. (*See* Gov't's Mem. at 5.) Burko argues in response that the Government's recovery is

5

limited by the payment schedule that the Court set in its judgment so it may not enforce its lien. (*See* Def's Opp'n at 8.) The Court agrees with Burko.

As noted above, the Second Circuit has not spoken to this particular issue, but the Court finds persuasive the decisions denying similar Government requests reached by other Circuits when confronted with judgments that did not make payment due immediately and ordered the defendant to make installment payments. *See Holden*, 908 F.3d at 405; *Hughes*, 813 F.3d at 1009; *Martinez*, 812 F.3d at 1201. However, the Government appears to argue that these cases are inapposite because none of them directly considered the statutory provision that the Government relies on here, so the Court will also address its contentions. (*See* Gov't's Reply at 4 n.2.)

The Court finds that the Government's reliance on its statutory lien is untenable because allowing it to enforce the lien in the absence of a judgment from this Court making Burko's restitution due immediately would render the MVRA's detailed scheme superfluous. Under the Government's interpretation of the statute, it may unilaterally act to enforce a restitution obligation whenever it chooses once the restitution order has been entered and the statutory lien has attached. *See* 18 U.S.C. 3613(c) (providing that "an order of restitution . . . is a lien in favor of the [Government] on all property and rights to property of the person [subject to the order]."). Yet, the MVRA unambiguously charges the district court—not the Government—with determining how and when restitution will be paid. *See* 18 U.S.C. § 3664(f)(2) ("[T]he court shall. . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid . . ."). Thus, where the district court does not make a defendant's entire restitution obligation due immediately, it is simply nonsensical that the Government would not be bound by that decision and could instead collect some or all of the

restitution obligation whenever it saw fit based *solely* on the lien that arises as a direct result of that judgment.

Moreover, besides vesting the decision concerning when and how restitution will be paid in the district court, the MVRA also includes detailed provisions that control how the Government may pursue collection. For example, the statute outlines when a defendant is delinquent or in default and also the consequences that the Government may impose as a result of such delinquency or default. *See* 18 U.S.C. §§ 3572(i); 3612(e), (g). These provisions are entirely unnecessary if the Government could act at any time to enforce the restitution obligation once the district court has entered judgment. This case, in fact, exemplifies the problem, as the Government freely admits that Defendant is in default but is moving to enforce its lien instead of requesting the statutory default penalties. (*See* Gov't's Mem. at 4; Gov't's Reply at 2.) The MVRA also authorizes the Government to request that the Court alter the restitution order if a defendant has the ability pay more but is not; under those circumstances, the court may "on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require" when it receives notification from the Government or a victim "of a material change in the defendant's economic circumstances." *See* 18 U.S.C. § 3664(k). Again, if the Government can collect on its lien whenever it chooses, this provision is unnecessary because the Government can move to enforce its lien rather than seek an adjustment.

The Government also argues that the Second Circuit's non-precedential decision in *United States v. O'Brien*, 851 F. App'x 236 (2d Cir. 2021) supports its position that the MVRA authorizes this Court to "accelerate the payment of [Burko's] restitution. (*See* Gov't's Reply at 6.) However, the *O'Brien* court specifically relied on the fact that the judgment in that case

provided that the defendant pay "*at least* $500 per month," *O'Brien*, 851 F. App'x at 240 (quotation marks omitted and emphasis in original), to hold that the "payment plan . . . [did not] limit[] the [G]overnment's collection efforts on this substantial restitution order of over $2.8 million[,]" *id*. Here, the Court's order does not include a similarly flexible term in Burko's judgment; the Court directed that "restitution shall be paid in monthly installments of 10% of gross monthly income . . ." (Judg. 6.)

The Government also cites to *United States v. Lumiere*, No. 16-CR-483, 2021 WL 4710778 (S.D.N.Y. Oct. 7, 2021), where a court in this District held that the Government could enforce a lien to collect the proceeds from a defendant's sale of his apartment to partially satisfy a fine, even though the judgment provided that the defendant was required to pay "15[%] of gross monthly income beginning with the second month after he is released from prison." *Id.* at *1. However, *Lumiere* is also distinguishable as the Government there was obviously within its rights to enforce its lien where the defendant had sold the property and come into possession of its cash value. Here, the Government acknowledges that Burko "has been entitled to access the . . . funds since termination of his employment at Stop & Shop due to his conviction [in 2011]," so there is no specific exigency driving its request. (Gov't's Mem at 9.) Even if there were such an exigency, the Court would point out that the better course under the statute would be for the Government to move to modify the payment schedule because of the "material change in the defendant's economic circumstances," *see* 18 U.S.C. § 3664(k), rather than requesting to enforce its lien.

### III.  Conclusion

For the foregoing reasons, the Court denies the Government's motion. The Clerk of the Court is respectfully directed to terminate the pending Motion. (*See* Dkt. No. 26.)

SO ORDERED.

Dated: May 2, 2023
        White Plains, New York

_____
KENNETH M. KARAS
United States District Judge